■ GARY D. MALSTROM, SR., Individually and as Father and Natural Guardian of SHERRI MALSTROM, an Infant, Respondent, v PATRICIA S. MACKEY et al., Appellants.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered December 18, 1990 in Putnam County, which denied defendants' motion for summary judgment dismissing the complaint.

On February 28, 1989, at approximately 6:00 to 6:15 P.M., Sherri Malstrom, then 11 years old, was riding her bicycle on the right shoulder of State Route 301, a two-lane road in the Town of Carmel, Putnam County. She was following 20 to 25 feet behind her 15-year-old brother, Gary, who was also riding a bicycle on the shoulder of the road. As they were riding, Sherri heard a car approaching from the rear and called to her brother "Gary, there is a car coming." When the car passed her it was approximately 8 to 10 feet to her left. She then observed the car veer to the right and saw Gary's bike fly up in the air. She continued riding her bike and then ran to Gary, who was laying in the road, bleeding from his mouth.

The driver of the car, defendant Patricia S. Mackey, said she did not see Sherri on her bicycle before the accident and only saw the bicycle that Gary was on out of the corner of her eye a split second before the impact. She also testified at an examination before trial that she had first come out of a curve and was traveling 40 miles per hour at the time, that the weather was clear and that it was dark out. Sherri stated that it was dusk at the time of the accident. This action was brought to recover, *inter alia,* damages due to emotional and psychological injury sustained by Sherri.

Supreme Court denied defendants' motion for summary judgment dismissing the complaint, finding that there were issues of fact as to whether Sherri was within the "zone of danger" as defined in *Bovsun v Sanperi* (61 NY2d 219) and "whether, being within the 'zone of danger' she contemporaneously witnessed her brother's injuries". Defendants appeal.

There should be an affirmance. We cannot say as a matter of law that Mackey's conduct did not create an unreasonable risk of bodily harm by placing Sherri within the zone of danger when Gary was struck by Mackey's automobile or that the zone of danger had terminated before the impact. There are questions of fact to be resolved by a jury relating to the presence of curves in the road, the speed of Mackey's vehicle, whether the headlights on the vehicle were lit, and whether it was dusk or dark out. Resolutions of these questions will determine if Sherri was within the zone of danger and entitled to a recovery (see, supra; see also, Hass v Manhattan & Bronx Surface Tr. Operating Auth., 170 AD2d 406, 407; DiMarco v Supermarkets Gen. Corp., 137 AD2d 651, 651-652).

Weiss, P. J., and Yesawich Jr., J., concur.

Crew III, J. (dissenting). I respectfully dissent. There is no doubt that if defendant Patricia S. Mackey's negligent conduct threatened bodily harm to Sherri Malstrom through direct impact on her person and psychic injuries resulted from her contemporaneous observation of serious physical injuries to her brother, Gary, she would be entitled to recover damages for her emotional distress (see, Bovsun v Sanperi, 61 NY2d 219).

I disagree with the majority, however, that on this record there remain questions of fact as to whether Sherri was within the zone of danger entitling her to recover. The uncontroverted evidence established that Mackey's vehicle was wholly within its own lane of travel when it passed by Sherri whose bicycle was traveling on the shoulder of the road 8 to 10 feet to the right of Mackey's vehicle. It was not until after the vehicle passed Sherri that it inexplicably veered to the right and struck Gary, some 25 feet ahead of her. This fact pattern is to be distinguished from the classic zone of danger situation illustrated in the Restatement (Second) of Torts where a truck, left unsecurely parked, starts down a hill toward a mother and child who are directly in its path, fortuitously swerves missing the mother, but strikes her daughter causing the mother to suffer severe shock (Restatement [Second] of Torts § 436 [3], comment f).

The majority's conclusion that there are questions of fact relating to the presence of curves in the road and the speed of Mackey's vehicle, in my view, is specious. Since this is a motion for summary judgment, presumably plaintiff has bared his proof on the motion. The evidence in the record establishes that the road was straight at the site of the accident and that

the vehicle was proceeding "pretty fast" according to Sherri. That evidence lends nothing to plaintiff's contention that Sherri was in the zone of danger. There is indeed a question as to the lighting conditions and whether Mackey's lights were on. Again, however, resolution of those issues does not bear on whether Sherri was in the zone of danger. There is nothing in this record which suggests that Sherri was exposed to a risk of bodily harm through direct impact on her person by the negligence of Mackey. To the contrary, Mackey's vehicle passed by Sherri uneventfully and thereafter veered to the right striking Gary. Based upon the evidence before Supreme Court, one can only speculate that Sherri, at some point before Mackey's vehicle passed her, was in the path of Mackey's vehicle and was thereby in the zone of danger. I would, therefore, reverse Supreme Court and grant defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.