■ ANTHONY ALBA, Respondent-Appellant, v LONG ISLAND RAIL ROAD et al., Appellants-Respondents, and ST. CECILIA'S ROMAN CATHOLIC CHURCH et al., Defendants. [611 NYS2d 196] — Judgment, Supreme Court, New York County (Carmen Ciparick, J.), entered on or about January 27, 1993, after jury trial in an action for personal injury, finding for plaintiff and awarding him $2,000,000, after set-off of amount paid by settling co-defendants, plus interest and costs, reversed, on the law, and remanded for a new trial, without costs.

Plaintiff was delusional and disoriented as the result of attending an intensive religious program at defendant St. Paul's Center, when he lay across defendant Long Island Rail Road's (LIRR) tracks in front of an eastbound train shortly after 1:00 P.M. on January 27, 1985. The resulting impact severed his legs.

Later, plaintiff commenced this action against defendants LIRR and St. Paul's Center, *inter alia*. At trial, the engineer testified that in accordance with his training, he did not stop the train immediately upon sighting plaintiff, but first sounded his horn and applied the brake moderately, and only upon observing plaintiff lie down on the tracks did he begin emergency braking procedures. At the close of plaintiff's case, LIRR's motion to dismiss, based upon the so-called "open run"

defense set out in the engineer's testimony, was denied. Thereafter, LIRR requested that the jury be charged as to the "open run" defense. The request was denied. The jury returned a verdict of $4 million for plaintiff, with fault apportioned 70% to LIRR, 30% to the church defendants, and 0% to plaintiff. LIRR's liability was $2 million, since the church had settled prior to verdict. LIRR filed this appeal, and plaintiff, a limited cross-appeal.

It is the established rule in New York and the rest of the nation that when a train engineer sees a person on or near the track, he is not bound to stop his train immediately, but has the right to assume that in broad daylight, the person will see and hear the train, heed the danger, and leave the track *(Chrystal v Troy & Boston R. R. Co.,* 105 NY 164, 170; *Fierro v New York Cent. R. R. Co.,* 256 NY 446, 448-449). In such a situation, the engineer has no duty to make an emergency stop until he determines that the person cannot or will not remove himself from harm's way *(Fierro v New York Cent. R. R. Co., supra).* This is the "open run" defense.

The trial court's refusal to instruct the jury in accordance with this long-settled rule of law prejudiced LIRR's case by misinforming the jury as to LIRR's responsibility in these circumstances, and constituted reversible error *(O'Brien v Erie R. R. Co.,* 210 NY 96).

We have considered the remaining issues raised on the appeal and cross-appeal and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross and Williams, JJ.

Rubin, J., dissents in a memo as follows: Reversal in this matter is predicated solely on the application of the "open run" doctrine, a defense that has apparently not been applied in a case in this State for the last half-century. Defendant does not assign error to Supreme Court's charge on assumption of risk or emergency. Rather, it asserts that the court erred in failing to further instruct the jury that the engineer was entitled to assume any person on the tracks would remove himself from danger at the approach of the train. Defendant does not demonstrate, however, that the "open run" doctrine, which developed under the standard of contributory negligence, remains viable following the adoption of comparative negligence in this State. It would seem that the doctrine has been relegated to historical obscurity along with the doctrine of the last clear chance (Prosser, Torts § 67, at 439 [4th ed]).

Furthermore, no recent authority is cited which suggests that a court is required to give instructions specific to the facts of a case. Indeed, the abandonment of the distinction among trespasser, licensee and invitee was met with the objection that "no guidance is offered courts or juries for particular cases or classes of cases" *(Basso v Miller,* 40 NY2d 233, 243 [Breitel, Ch. J., concurring]) and that, in resolving the issues presented, the majority at the Court of Appeals worked a "wholesale abandonment of rules and principles" contrary to "the grand tradition of the common law" *(Scurti v City of New York,* 40 NY2d 433, 443 [Breitel, Ch. J., concurring in part and dissenting in part]). This debate was resolved some two decades ago in favor of the application of general principles of tort law and against the application of particularized rules to specific categories of negligence *(Scurti v City of New York, supra,* at 441-442; *Basso v Miller, supra,* at 241). Nothing in the Pattern Jury Instructions applicable to the railroad's duty of care under these circumstances suggests otherwise (PJI 2:176 [1993 Supp]).

Accordingly, the judgment should be affirmed.