■ SUSAN C. HUFFMAN, an Infant, by Her Parent and Natural Guardian, THEODORE HUFFMAN, et al., Respondents, v DENNIS ELLIS et al., Appellants. [617 NYS2d 893] —In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an order of the Supreme Court, Nassau County (Hart, J.), dated October 30, 1992, which denied their motion to dismiss the plaintiffs' cause of action to recover damages for negligent infliction of emotional distress, and (2) as limited by their brief, from so much of an order of the same court, dated October 31, 1992, as denied the branch of their motion which was to vacate the portion of a notice to produce which requested driving record abstracts for all of their drivers for the two years prior to the accident.

Ordered that the order dated October 30, 1992, is reversed, on the law, without costs or disbursements, and the cause of action to recover damages for negligent infliction of emotional distress is dismissed; and it is further,

Ordered that the order dated October 31, 1992, is affirmed insofar as appealed from, without costs or disbursements.

We find that the plaintiffs' cause of action to recover damages for negligent infliction of emotional distress, as pleaded in the complaint, must be dismissed, because the infant plaintiff did not observe the death and/or serious injury of a member of her immediate family *(see, Bovsun v Sanperi,* 61 NY2d 219; *Trombetta v Conkling,* 82 NY2d 549).

Additionally, we find that the plaintiffs' request that the defendants supply driving record abstracts for all of their drivers for the two years prior to the accident was relevant and necessary to the plaintiffs' claim of negligent hiring practices by the defendants and was specific enough so as to not be unduly burdensome *(see,* CPLR 3120 [a] [1] [i]; *Sullivan v New York City Tr. Auth.,* 109 AD2d 879; *Scheinfeld v*

*Burlant,* 98 AD2d 603). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.