■ RONALD WRIGHT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [633 NYS2d 393] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated July 19, 1994, which granted the plaintiff's motion for reargument and, upon reargument, denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendant's motion for summary judgment and substituting therefor a provision adhering to the prior determination of the same court made in an order dated February 25, 1994, which granted the defendant's motion; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff, a passenger on a subway train owned and operated by the defendant, was seriously injured when he entered the empty motorman's cab of the car in which he was riding, stuck his head outside the window while the train was in motion, and was struck by a signal pole. The plaintiff alleged that the door to the motorman's cab had been left unlocked and open while the defendant's employee claimed that "[t]he door was definitely locked" when the train left the station.

The defendant moved for summary judgment arguing that the sole proximate cause of the accident was the plaintiff's reckless act of placing his head outside the window of a moving train. The Supreme Court granted the motion but, upon reargument, denied the motion finding, *inter alia,* that there was a question of fact regarding whether "it was foreseeable for a person to enter a motorman's cab and then proceed to place his head outside the window while the train was in motion". We now reverse.

Initially, the court did not err in granting the plaintiff's motion which, although denominated as one to renew and reargue, was actually one for reargument *(see, Michaelson v Scaduto,* 205 AD2d 507; *Wodecki v Carty,* 167 AD2d 398; *Pro Brokerage v Home Ins. Co.,* 99 AD2d 971).

Turning to the merits, although it is generally true that the issue of proximate cause is typically one for the trier of fact to determine, nevertheless, "[t]here are certain instances * * *

where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). The case at bar is one of these instances.

The placement of any body part outside the window of a moving train is an action so obviously fraught with danger that, by its very nature, it evinces a wanton disregard for the actor's own personal safety or well-being *(see generally, Olsen v Town of Richfield,* 81 NY2d 1024; *Lionarons v General Elec. Co.,* 215 AD2d 851). Accordingly, under the facts of this case, as a matter of law, the plaintiff's action was a superseding event which severed whatever causal connection there may have been between the occurrence of the accident and the defendant's alleged negligence *(see, Derdiarian v Felix Contr. Corp., supra,* at 315; *Martinez v Lazaroff,* 48 NY2d 819; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950). Moreover, even assuming that the defendant's employees were negligent in permitting the cab door and/or the cab window to remain open, such activity "merely furnished the condition or occasion for the occurrence of the event rather than [being] one of its causes" *(Sheehan v City of New York,* 40 NY2d 496, 503; *see also, Margolin v Friedman,* 43 NY2d 982, 983; *Stone v Williams,* 64 NY2d 639, 642). Balletta, J. P., Copertino and Pizzuto, JJ., concur.

O'Brien, J., dissents and votes to affirm the order appealed from, with the following memorandum: An intervening act which is "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct" may be a superseding act which breaks the causal connection between the plaintiff's injury and the defendant's alleged negligence *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Boltax v Joy Day Camp,* 67 NY2d 617, 619). Such issues are generally for the jury to resolve *(see, Derdiarian v Felix Contr. Corp., supra).* I do not agree with my colleagues that the action of the 18-year-old plaintiff in putting his head out of the window of the motorman's cab showed such a reckless disregard for his own safety that it constituted, as a matter of law, an unforeseeable superseding event which broke any causal connection between the accident and the defendant's alleged negligence in leaving open the door to the motorman's cab in the rear car *(see, e.g., Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 535; *Kriz v Schum,* 75 NY2d 25, 36-37; *cf., Olsen v Town of Richfield,* 81 NY2d 1024). Accordingly, I would affirm the Supreme Court's denial of the defendant's motion for summary judgment.