■ MORRIS GULLER, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant, et al., Defendant. [661 NYS2d 42] —In an action to recover damages for personal injuries, the defendant Consolidated Rail Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bellantoni, J.), dated October 2, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Consolidated Rail Corporation, and the action against the remaining defendant is severed.

The plaintiff Morris Guller was injured when he was struck at the Mine Dock Road grade crossing in Orange County, New York, by a diesel train owned by the defendant Consolidated Rail Corporation (hereinafter Conrail) and operated by the defendant Joseph Powetek. Before the accident occurred, the plaintiff was standing on the east side of the tracks, calling or motioning to one of his dogs which was on or near the tracks. Just one or two seconds before the plaintiff was hit by the train, he lunged forward, toward his dog, into the train's path.

During the 15 to 18 seconds it took for the train to emerge from a tunnel and reach the accident site, the train travelled at 30 miles per hour. The view from the grade crossing to the tunnel was unobstructed. The accident occurred at about 4:00 P.M. on a bright, clear day. Other individuals at the scene clearly observed the oncoming train and moved safely away.

Although the parties dispute whether the train bell and whistle were sounded, and disagree as to the point at which the plaintiff became aware of the oncoming train, we nevertheless conclude that the defendant Conrail is entitled to summary judgment.

"[W]hen a train engineer sees a person on or near the track, he is not bound to stop his train immediately, but has the right to assume that in broad daylight, the person will see and hear the train, heed the danger, and leave the track" *(Alba v Long Is. R. R.,* 204 AD2d 143, 144; *see also, Fierro v New York Cent. R. R. Co.,* 256 NY 446, 448-449; *Chrystal v Troy & Boston R. R. Co.,* 105 NY 164, 170).

In the present case, Conrail should not be held liable for the plaintiff's failure to take heed of the oncoming diesel train, which was readily observable by the normal use of one's senses *(see, Weigand v United Traction Co.,* 221 NY 39; *Dolfini v Erie R. R. Co.,* 178 NY 1; *cf., Ackermann v Town of Fishkill,* 201 AD2d 441). Moreover, the defendant Conrail cannot reasonably be deemed negligent for failing to anticipate that the plaintiff would leap forward into the path of the train when it was just 5 or 10 feet away *(see, Unger v Belt Line Ry. Corp.,* 234 NY 86). O'Brien, J. P., Sullivan, Goldstein and Luciano, JJ., concur.