■ WILLIAM H. LEVEROCK et al., Appellants, v HALL & FUHS, INC., et al., Respondents. [666 NYS2d 729] —In a consolidated action to recover damages for wrongful death and personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated December 4, 1996, which granted the respective motions of the defendants Hall & Fuhs, Inc., Johnson & Dealaman, Inc., The Cessna Aircraft Company, General Dynamics Corp., Eaton Corp., Vanbro Corporation, and Angelo DeBiase, Jr., for summary judgment dismissing the third and sixth causes of action in the amended complaint dated August 10, 1990, and the seventh, eighth, ninth, sixteenth, seventeenth, and eighteenth causes of action in the complaint dated July 17, 1990.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions for summary judgment are denied, the third and sixth causes of action in the amended complaint dated August 10, 1990, and the seventh, eighth, ninth, sixteenth, seventeenth, and eighteenth causes of action in the complaint dated July 17, 1990, are reinstated.

The Supreme Court improperly granted the respondents' re-

spective motions for summary judgment. Recovery for purely emotional harm is permitted "[w]here a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his * * * contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his * * * presence" (*Bovsun v Sanperi,* 61 NY2d 219, 223-224).

Here, the father and brother of the decedent were immediate family members (*see, Trombetta v Conkling,* 82 NY2d 549), and the father contemporaneously observed the injury to his son (*see, Huffman v Ellis,* 208 AD2d 902). There exist material issues of fact as to whether these plaintiffs were threatened with bodily harm by reason of being within the zone of danger (*see, Bovsun v Sanperi, supra).*

The respondents' remaining contentions are without merit. Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.