■ ROUSSEAU P. PRYSOCK, as Administrator of the Estate of JEROMINE B. PRYSOCK, Deceased, Respondent, v METROPOLITAN

TRANSPORTATION AUTHORITY et al., Appellants. [673 NYS2d 736] —In an action to recover damages for wrongful death and conscious pain and suffering, the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), entered August 11, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On October 21, 1993, at approximately 8:25 A.M., the plaintiff's decedent was driving her car northbound on New Hyde Park Road in Nassau County. She approached the New Hyde Park Road railroad crossing, where traffic was backed up. Although her car could not clear the railroad tracks because traffic was backed up on the other side, she nevertheless proceeded to drive her car onto the tracks. Her conduct was flatly in violation of Vehicle and Traffic Law § 1176, which prohibits the obstructing of highway-railroad grade crossings.

As the decedent was stopped and waiting on the railroad tracks, the crossing lights began flashing and the guardrails began to descend, warning of an oncoming train (cf., Merenda v Consolidated Rail Corp., 248 AD2d 684). It is undisputed that the decedent was fully aware of the train's approach. However, despite her attempts to do so, she was unable to move her car from the tracks because her entire path was still blocked by other vehicles. The Long Island Rail Road express train began to approach, and despite the operator's attested efforts to stop, the train crashed into the decedent's vehicle. Tragically, the decedent, who had remained in her car, was killed by the collision.

The defendants are entitled to summary judgment dismissing the complaint. It is well established that while a party remains liable for all normal and foreseeable consequences of his or her acts, an intervening act will constitute a superseding cause and will serve to relieve that party of liability when the act is of such an extraordinary nature or so attenuates that party's conduct from the ultimate injury that responsibility for the injury may not be reasonably attributed to that party (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308). Under the circumstances of this case, the decedent's conduct in driving her car onto the railroad tracks, when there was no room to safely pass over them, was so reckless as to constitute an intervening and unforeseeable action, which broke any causal nexus between her injuries and any alleged negligence on the part of the defendants (see, Boltax v Joy Day Camp, 67 NY2d 617; Brown v Middleton, 244 AD2d 306). Rosenblatt, J. P., Ritter and Copertino, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: On October 21, 1993, at approximately 8:25 A.M., the plaintiff's decedent was driving northbound on New Hyde Park Road in "very foggy" weather. It was alleged that two Long Island Rail Road police officers who usually patrolled the very heavily traveled intersection of New Hyde Park Road and the railroad tracks were both on an authorized break. A blue van in front of the decedent apparently blocked her view of the road.

At the intersection of New Hyde Park Road and the railroad tracks, the decedent proceeded in an attempt to cross the tracks. The decedent was unable to clear the rear six inches of her car from the tracks because a tractor trailer was turning from a side street onto New Hyde Park Road, backing up the northbound traffic for 200 to 300 feet.

According to an eyewitness, the decedent was already positioned on the tracks when the gates started to descend, warning of an approaching train. The decedent moved the car back and forth, hitting the car in front of her, in an effort to get off the tracks. However, her efforts were unsuccessful.

The operator of an approaching train acknowledged in his deposition that he saw the decedent's vehicle on the tracks, and was "supposed to" be sounding the train whistle. However, the eyewitness in the car directly behind the decedent claimed she did not hear the train whistle nor did she hear any screeching of brakes, which would indicate an attempt at an emergency stop. The train operator could not recall his speed at the time of the accident. The train hit the rear of the decedent's vehicle, sending it "flying" westbound, causing the decedent to incur injuries resulting in her death.

The record discloses several issues of fact. Long Island Rail Road police officers who were usually at the site, and upon whom motorists had come to rely to control the flow of traffic, were not present, despite the foggy weather. There is a question of fact as to whether the train's horn was activated, warning the plaintiff's decedent of the impending impact. There are also questions as to whether the train was traveling at an excessive rate of speed in light of weather conditions, whether the emergency brake was applied, and if it was applied whether it was applied in a timely fashion.

It is well-settled that "[a]n intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316). In this case the decedent's

alleged negligence in permitting her car to be stuck on the railroad tracks is the very same act which would render negligent the conduct of railroad police in leaving the intersection unattended in foggy weather, when the danger of a collision was increased; failure to sound the train whistle to warn persons on the tracks of the position of the train; traveling at an excessive rate of speed so that the train could not stop or slow down to avoid or mitigate the impact; and failure to attempt an emergency stop to avoid or mitigate impact (*see, Miller v Town of Fenton,* 247 AD2d 740).

Prior to the adoption of the concept of comparative negligence, if a plaintiff unreasonably placed himself or herself in a position of danger on railroad tracks, the railroad could be liable on the ground that the train engineer had the last clear chance to avert the accident (*see, Zellman v Metropolitan Transp. Auth.,* 83 AD2d 144). The law mandated that if a train engineer saw that a person could not or would not remove himself or herself from the tracks, the engineer had a duty to attempt an emergency stop (*see, Fierro v New York Cent. R. R. Co.,* 256 NY 446), and sound the train whistle (*see, Blanchard v Delaware, Lackawanna & W. R. R. Co.,* 211 NY 79).

Under the doctrine of comparative negligence, the decedent's negligence would not absolve the defendants of liability. Nevertheless, the majority finds that her apparent violation of Vehicle and Traffic Law § 1176 absolves the defendants of liability, because such a violation was not foreseeable. On the question of foreseeability, the plaintiff noted that the instant railroad crossing was characterized in a State-sponsored study as the second most dangerous railroad crossing on Long Island, and four fatal collisions had occurred there since 1980.

Moreover, in the Memorandum of the New York State Department of Transportation in support of the enactment of Vehicle and Traffic Law § 1176, it was noted that, "[w]hile it seems unlikely that anyone would voluntarily stop a vehicle on a railroad track", there was a problem with vehicles entering a railroad crossing "only to have the line [of traffic] stop for reasons they were unable to anticipate leaving them stranded on the tracks" (Mem of State Dept of Transp, 1983 McKinney's Session Laws of NY, at 2565). One of the purposes of the enactment of Vehicle and Traffic Law § 1176 was to permit the posting of signs warning against such conduct, which was clearly foreseeable.

In view of the foregoing, the defendants' motion for summary judgment dismissing the complaint was properly denied.