■ CAROL KURTH, Individually and as Parent and Natural Guardian of RACHEL M. KURTH, an Infant, Respondent, v DANIEL M. MURPHY, Individually and as Parent and Natural Guardian of ERIC P. MURPHY, an Infant, Appellant. [679 NYS2d 690] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered November 14, 1997, which denied their motion for partial summary judgment dismissing the second cause of action, asserted on behalf of the plaintiff Carol Kurth to recover damages based on the negligent infliction of emotional distress.

Ordered that the order is affirmed, with costs.

"[W]here a defendant negligently exposes a plaintiff to an unreasonable risk of bodily injury or death, the plaintiff may recover, as a proper element of his or her damages, damages for injuries suffered in consequence of the observation of the serious injury or death of a member of his or her immediate family—assuming, of course, that it is established that the defendant's conduct was a substantial factor bringing about such injury or death" (*Bovsun v Sanperi,* 61 NY2d 219, 230-231). Here, there is no dispute that the plaintiff mother, Carol Kurth, witnessed the infliction of the injury (*see, Huffman v Ellis,* 208 AD2d 902) upon her daughter, an immediate family member (*see, Trombetta v Conkling,* 82 NY2d 549). As the vehicle which ultimately struck the infant plaintiff was moving toward both the plaintiff mother and the daughter, and the mother was about eight feet from her daughter when impact occurred, there exists a material issue of fact as to whether the plaintiff mother was threatened with bodily harm by reason of being within the zone of danger (*see, Bovsun v Sanperi, supra*; *Egan v Pensek Truck Leasing Co.,* 228 AD2d 230; *Malstrom v Mackey,* 182 AD2d 1006). Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.