■ GAO YI FENG, Respondent, and HE MING ZOU, Respondent-Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants-Respondents. [727 NYS2d 470] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated April 24, 2000, as denied that branch of their motion which was for summary judgment dismissing the causes of action asserted on behalf of the plaintiff Gao Yi Feng, and the plaintiff He Ming Zou cross-appeals from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing her causes of action to recover damages for emotional distress.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the causes of action asserted on behalf of the plaintiff Gao Yi Feng and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable to the defendants.

On February 27, 1999, the plaintiff Gao Yi Feng and his mother, the plaintiff He Ming Zou, went to the Long Island Rail Road station in Rosedale to take a train to Flushing. While waiting for a train to arrive, the plaintiffs went to the end of the platform and descended a short wooden staircase which led onto the track area. The mother sat on the bottom step and Gao Yi Feng stood approximately five feet away, facing her. In this position Gao Yi Feng was directly adjacent to the train tracks with his back to oncoming trains. After approximately 15 minutes, Gao Yi Feng was struck by an arriving train and pushed onto his still-seated mother, who was not physically injured. The Supreme Court denied that branch of the

defendants' motion which was to dismiss the causes of action asserted on behalf of Gao Yi Feng, concluding that there were issues of fact with respect to the defendants' alleged negligence. We disagree.

The conduct of Gao Yi Feng in standing immediately next to active train tracks while facing away from oncoming train traffic so attenuated the defendants' alleged negligence as to be deemed a superseding cause necessarily relieving the defendants of liability (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Prysock v Metropolitan Transp. Auth.*, 251 AD2d 308; *Huber v Malone*, 229 AD2d 469; *Wright v New York City Tr. Auth.*, 221 AD2d 431). Accordingly, the defendants are entitled to dismissal of those causes of action asserted on behalf of Gao Yi Feng to recover damages for personal injuries resulting from the accident.

The Supreme Court properly dismissed the mother's causes of action to recover damages for emotional distress since there is no evidence that she was within the zone of danger, or even aware of the train's approach before the accident occurred (*see, Bovsun v Sanperi*, 61 NY2d 219; *Leverock v Hall & Fuhs*, 245 AD2d 550; *DiMarco v Supermarkets Gen. Corp.*, 137 AD2d 651). Altman, J. P., Florio, Schmidt and Smith, JJ., concur.