■ PATRICK ROCHFORD, Appellant, v LONG ISLAND RAIL ROAD et al., Respondents. [737 NYS2d 387] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered October 20, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he was struck by a train, and had no recollection of the accident as a result of traumatic amnesia. Both the train engineer and an eyewitness testified at their respective depositions that the plaintiff leaned his body over the tracks as the train was approaching the station, and was struck on the side of the head by the train.

"It is the established rule in New York and the rest of the nation that when a train engineer sees a person on or near the track, he is not bound to stop his train immediately, but has the right to assume that in broad daylight, the person will see and hear the train, heed the danger, and leave the track * * * In such a situation, the engineer has no duty to make an emergency stop until he determines that the person cannot or will not remove himself from harm's way" (Alba v Long Is. R.R., 204 AD2d 143, 144). The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence demonstrating that the engineer acted reasonably under the circumstances and that the accident was unavoidable (see, Alba v Long Is. R.R., 204 AD2d 143, supra; Serfaty v New York City Tr. Auth., 254 AD2d 476). In opposition, the plaintiff failed to raise a triable issue of fact (see, Abdullah v City of New York, 203 AD2d 397). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.