■ ARNOLD BROWN, Appellant, v LONG ISLAND RAIL ROAD et al., Respondents. [758 NYS2d 150] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Golia, J.), entered February 22, 2002, which, upon the granting of the defendants' oral application pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when he was struck by a train owned and operated by the defendants. The accident occurred during the evening hours of March 20, 1991. The plaintiff had unlawfully gained access to the train tracks by ascending an embankment which was located in the vicinity of Carson Street and 139th Avenue in Queens. The plaintiff thereafter commenced this action to recover damages for personal injuries

against the defendants. A jury verdict in favor of the plaintiff was set aside by the Supreme Court on the ground that the plaintiff failed to present a prima facie case.

To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Under the circumstances of this case, the plaintiff's unlawful conduct in accessing the tracks at night and failing to heed the warnings of the train were so reckless as to constitute an intervening and unforeseeable act which broke any causal connection between his injury and any alleged negligence on the part of the defendants (*see Pytel v New Jersey Tr. Auth.,* 267 AD2d 155 [1999]; *Prysock v Metropolitan Transp. Auth.,* 251 AD2d 308, 309 [1998]; *de Pena v New York City Tr. Auth.,* 236 AD2d 209, 210 [1997]; *cf. Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315-316 [1980]). As there was insufficient evidence to support the jury verdict, we conclude that the Supreme Court properly set it aside and dismissed the complaint (*see generally Cohen v Hallmark Cards, supra; Nicastro v Park,* 113 AD2d 129 [1985]; *cf. O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 438-439 [1981]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.