■ KAREN MOONEY et al., Appellants, v LONG ISLAND RAIL ROAD, Respondent. (Action No. 1.) CHRISTOPHER CAVANAGH et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. (Action No. 2.) [759 NYS2d 380] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated May 8, 2002, as granted that branch of the motion of the defendant in Action No. 1 which was for summary judgment dismissing the complaint in Action No. 1, and the plaintiffs in Action No. 2 appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendants in Action No. 2 which was for summary judgment dismissing the complaint in Action No. 2.

Ordered that the order is affirmed, with one bill of costs.

The defendants established their prima facie entitlement to summary judgment dismissing the complaints. In response, the plaintiffs failed to raise a triable issue of material fact as to the defendants' negligence. There was no evidence in the record that the infant plaintiffs were injured as a result of the defendants' failure to properly maintain safety equipment at a pedestrian crossing over railroad tracks, or that the train failed to properly signal its approach to the crossing. The sole proximate cause of the infant plaintiffs' injuries was their reckless behavior in proceeding around a safety gate in the down position and crossing the tracks directly behind an eastbound train without first checking to see if a westbound train was approaching (*see de Pena v New York City Tr. Auth.*, 236 AD2d 209, 210 [1997]; *Avery v New York, Ontario & W. Ry. Co.*, 205

NY 502, 506 [1912]). Florio, J.P., Schmidt, Townes and Crane, JJ., concur.