■ Robert Lassalle, Appellant, v New York City Transit Authority, Respondent. [783 NYS2d 402]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Knipel, J.), dated December 11, 2002, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court dated September 17, 2003, as denied that branch of his motion which was for leave to renew and, in effect, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 11, 2002, is dismissed, as that order was superseded by so much of the order dated September 17, 2003, as was made upon reargument; and it is further,

Ordered that the order dated September 17, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff was injured when he was struck by an oncoming train. At the time of the accident, he had a blood alcohol concentration of 0.16%. The plaintiff had no recollection of how the accident occurred. The operator of the train and a passenger who was aboard the first car and saw the incident alleged that the plaintiff was sitting on the tracks and remained virtually motionless even when the operator blew the train's horn. Upon reargument, the Supreme Court properly adhered to its original determination granting the defendant's motion for summary judgment dismissing the complaint. Contrary to the plaintiff's contention, the record conclusively established that the accident was caused solely by the plaintiff's reckless conduct as to constitute a superseding cause and that no negligence was attributable to the operator of the train (*see Brown v Long Is. R.R.*, 304 AD2d 601 [2003]; *Gao Yi Feng v Metropolitan Transp. Auth.*, 285 AD2d 447, 448 [2001]; *Pytel v New Jersey Tr. Auth.*, 267 AD2d 155 [1999]; *Serfaty v New York City Tr. Auth.*, 254 AD2d 476 [1998]; *Prysock v Metropolitan Transp. Auth.*, 251 AD2d 308, 309 [1998]).

Moreover, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew (*see* CPLR 2221 [e]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.