■ AMARGEET WADHWA et al., Appellants, v LONG ISLAND RAIL ROAD, Respondent. [788 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated April 26, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Amargeet Wadhwa was seriously injured when, after standing next to a signal case adjacent to the railroad tracks as one of the defendant's trains was slowly passing her on its way out of the Port Jefferson station, she walked to the tracks, squatted down near the middle of the passing train, and "disappeared" under it.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that its personnel exercised reasonable care and that the accident was unavoidable under the circumstances (see Guller v Consolidated Rail Corp., 242 AD2d 283 [1997]; Alba v Long Is. R.R., 204 AD2d 143 [1994]). The conclusory expert affidavits submitted by the plaintiffs in opposition to the motion failed to raise a triable issue of fact regarding whether the defendant's engineer should have anticipated that the injured plaintiff would disregard the obvious danger posed by the train and place herself in a position of extreme peril. In any event, even if the plaintiffs had come forward with some evidence of negligence on the part of the defendant, the reckless actions of the injured plaintiff constituted a superseding cause of the accident which relieved the defendant of any liability (see e.g. Lassalle v New York City Tr. Auth., 11 AD3d 661 [2004]; Mooney v Long Is. R.R., 305 AD2d 560 [2003]; Brown v Long Is. R.R., 304 AD2d 601 [2003]; Wright v New York City Tr. Auth., 221 AD2d 431 [1995]). Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.