■ GAETANO CATAPANO, Respondent, v LONG ISLAND RAIL ROAD, Appellant, et al., Defendants. [806 NYS2d 690]—

In an action to recover damages for wrongful death, etc., the defendant Long Island Rail Road appeals from so much of an order of the Supreme Court, Nassau County (Peck, J.), dated December 22, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the motion of the defendant Long Island Rail Road (hereinafter the LIRR) for summary judgment dismissing the complaint insofar as asserted against it. In opposition to the LIRR's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact. The plaintiff submitted, inter alia, an affidavit from an expert who opined that the plaintiff's decedent's injuries were caused by deviations from industry standards. That affidavit was sufficient to raise a triable issue of fact (*see Powell v Hope Community*, 280 AD2d 327, 328 [2001]; *Connolly v Toys-R-Us*, 250 AD2d 721 [1998]). In addition, the plaintiff

raised issues of fact with respect to, inter alia, whether the crossing gate was up or down at the time the plaintiff's decedent began walking across the tracks. Accordingly, issues of fact exist as to whether the plaintiff's decedent's conduct was a superseding cause of the accident.

We do note, however, that the open run defense (*see Lee v Pennsylvania R.R. Co.*, 269 NY 53 [1935]; *Guller v Consolidated Rail Corp.*, 242 AD2d 283 [1997]; *Alba v Long Is. R.R.*, 204 AD2d 143, 144 [1994] ["when a train engineer sees a person on or near the track, he is not bound to stop his train immediately, but has the right to assume that in broad daylight, the person will see and hear the train, heed the danger, and leave the track . . . In such a situation, the engineer has no duty to make an emergency stop until he determines that the person cannot or will not remove himself from harm's way"]) precludes the plaintiff from recovering against the LIRR under a theory that the train was negligently operated by its engineer, since its engineer testified at his deposition that he made an emergency stop when he determined that the plaintiff's decedent "wasn't going to make it." Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.