■ PHELIN LYNCH, Deceased, by FELIN LYNCH, as Administrator, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [917 NYS2d 685]—

· On the evening of November 8, 2007, the 16-year-old decedent, Phelin Lynch, and his friend were walking on or along train tracks belonging to the defendant Long Island Rail Road (hereinafter together with the defendant Metropolitan Transporta-

tion Authority the defendants). The two had recently left a party where they had been drinking alcohol. Around 10:40 P.M., the friend noticed an oncoming train and alerted the decedent that a train was coming and to "get off the tracks." The friend then jumped off the tracks and hid in the bushes while he waited for the train to pass. The train struck the decedent, and he died shortly thereafter.

According to the train operator's voluntary statement to the Metropolitan Transportation Authority police after the accident as well as his deposition testimony, when he observed the decedent, the decedent was facing the train with his arms outstretched and had a "big smile" on his face as he looked at the approaching train. He appeared to be playing "chicken" with the train, and made no attempt to get out of the way. He also testified that the accident happened very quickly and the time span was merely seconds between the moment he saw the decedent until the moment of impact.

In this ensuing action by the decedent's administrator to recover damages, inter alia, for wrongful death, the defendants moved for summary judgment on the ground that the decedent's reckless behavior of walking on or along the train tracks while under the influence of alcohol and standing in front of the train and facing it as the train approached him was the sole proximate cause of his death. The Supreme Court granted the defendants' motion. We affirm.

Some activities are so obviously fraught with danger that by their very nature they evince a wanton disregard for the actor's own personal safety or well-being (*see Prysock v Metropolitan Transp. Auth.*, 251 AD2d 308 [1998]; *Wright v New York City Tr. Auth.*, 221 AD2d 431, 432 [1995]). In such circumstances, the actor's conduct is an intervening and superseding event which severs any causal nexus between the occurrence of the accident and any alleged negligence on the part of the defendants (*see Prysock v Metropolitan Transp. Auth.*, 251 AD2d 308 [1998]; *Wright v New York City Tr. Auth.*, 221 AD2d at 432; *Pytel v New Jersey Tr. Auth.*, 267 AD2d 155 [1999]; *de Peña v New York City Tr. Auth.*, 236 AD2d 209 [1997]). Here, it was undisputed that the decedent had consumed alcohol at a party shortly before the accident and that thereafter he and his friend walked on or along the tracks. Despite being told by his friend that a train was approaching the decedent failed to move out of the way even though his friend had done so. This conduct was so reckless as to constitute an intervening and unforeseeable act which broke any causal connection between his death and any alleged negligence on the part of the defendants (*see Brown*

*v Long Is. R.R.*, 304 AD2d 601 [2003]; *Gao Yi Feng v Metropolitan Transp. Auth.*, 285 AD2d 447 [2001]; *Pytel v New Jersey Tr. Auth.*, 267 AD2d 155 [1999]).

The plaintiff's remaining contentions need not be addressed in light of our determination. Dillon, J.P., Covello, Florio and Hall, JJ., concur.