In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated March 17, 2010, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly sustained injuries when the subway train in which he was a passenger collided with a bicycle on the track while the train was traveling between two subway stations. The plaintiff commenced this action to recover damages for personal injuries against the defendant, the New York City *907 Transit Authority. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not have constructive notice of the bicycle on the track, and that the train operator did not have sufficient time to avoid the contact. The Supreme Court denied the motion. The defendant appeals, and we reverse.
The defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not have constructive notice of the bicycle on the track, that the train operator acted reasonably under the circumstances, and that the accident was unavoidable (see generally Mirjah v New York City Tr. Auth., 48 AD3d 764, 764-765 [2008]; Reeve v Long Is. R.R., 27 AD3d 636, 637 [2006]; Wadhwa v Long Is. R.R., 13 AD3d 615, 615 [2004]; Rockford v Long Is. R.R., 291 AD2d 439, 439 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.