CHRISTIN WEIMAR, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, et al., Defendants. [48 NYS3d 240]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated December 22, 2014, as granted that branch of the motion of the defendants Metropolitan Transportation Authority, Metro North Commuter Railroad Company, and Robert Szymanski which was for summary judgment dismissing the complaint insofar as asserted against the defendants Metro North Commuter Railroad Company and Robert Szymanski.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when she was struck by a train owned by the Metro North Commuter Railroad Company (hereinafter Metro North) and operated by Robert Szymanski, a locomotive engineer employed by Metro North (hereinafter together the defendants). The plaintiff commenced this action against the defendants, among others. The defendants moved, inter alia, for summary judgment dismiss-

ing the complaint insofar as asserted against them, and the Supreme Court granted that relief. The plaintiff appeals.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they were not negligent and that the accident was unavoidable (*see Mirjah v New York City Tr. Auth.*, 48 AD3d 764, 765 [2008]; *Reeve v Long Is. R.R.*, 27 AD3d 636, 636 [2006]; *Wadhwa v Long Is. R.R.*, 13 AD3d 615, 615 [2004]). The plaintiff's speculative assertions in opposition to the motion were insufficient to raise a triable issue of fact (*see Neenan v Quinton*, 110 AD3d 967, 969 [2013]; *Dibble v New York City Tr. Auth.*, 76 AD3d 272, 277 [2010]; *Mirjah v New York City Tr. Auth.*, 48 AD3d at 765-766; *cf. Soto v New York City Tr. Auth.*, 6 NY3d 487 [2006]).

In any event, the defendants also demonstrated, as a matter of law, that the plaintiff's conduct, under the circumstances of this case, constituted an intervening and superseding cause which absolved the defendants of liability (*see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Lynch v Metropolitan Transp. Auth.*, 82 AD3d 716, 717 [2011]; *Zenteno v MTA Long Is. R.R.*, 71 AD3d 673 [2010]; *Brown v Long Is. R.R.*, 304 AD2d 601, 601-602 [2003]; *Dumbadze v Schwatt*, 291 AD2d 529, 529 [2002]; *Gao Yi Feng v Metropolitan Transp. Auth.*, 285 AD2d 447, 447-448 [2001]; *de Peña v New York City Tr. Auth.*, 236 AD2d 209, 210 [1997]). The defendants' submissions demonstrated that the then-17-year-old plaintiff circumvented various barriers to access an elevated track area, proceeded to walk alongside the track area, and then attempted to cross a train bridge that had limited clearance and no protective railings or fencing. In doing so, she acted with reckless and extraordinary conduct, which, as a matter of law, constituted an intervening and superseding event which severs any causal nexus between the occurrence of the accident and any alleged negligence on the part of the defendants (*see Lynch v Metropolitan Transp. Auth.*, 82 AD3d at 717).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.