Nelson v New York City Tr. Auth. (2019 NY Slip Op 02347)





Nelson v New York City Tr. Auth.


2019 NY Slip Op 02347


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-09512
 (Index No. 10899/12)

[*1]Marva Nelson, etc., appellant, 
v
New York City Transit Authority, et al., respondents, "John Doe," etc., defendant.


Roger V. Archibald, PLLC, Brooklyn, NY (Leonard W. Stewart of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for negligence and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 16, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transportation Authority which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 19, 2011, in the tunnel between the Flatbush Avenue and Newkirk Avenue subway stations in Brooklyn, Brian Marc Rowe (hereinafter the decedent), who had jumped onto the subway tracks, was struck and killed by a subway train operated by the defendant New York City Transit Authority (hereinafter NYCTA) and owned by the defendant Metropolitan Transportation Authority (hereinafter together the defendants). On May 24, 2012, Marva Nelson, as the administrator of the decedent's estate (hereinafter the plaintiff), commenced this action to recover damages for negligence and wrongful death. After discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they were not negligent and that the accident was unavoidable (see Weimar v Metropolitan Transp. Auth., 147 AD3d 1111, 1112; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of their motion, the defendants submitted evidence, including the deposition testimony of a NYCTA train service supervisor and the affidavits of eyewitnesses who observed the decedent jump off the platform and walk southbound into the tunnel, which demonstrated that the operator of the train which struck the decedent exercised reasonable care and that the accident was unavoidable under the circumstances (see Neenan v [*2]Quinton, 110 AD3d 967). The defendants also submitted evidence demonstrating that they were not negligent in their search for the decedent. In an affidavit, a NYCTA general superintendent described the general protocols followed by the NYCTA in response to a report of an unauthorized person on the tracks, including that a search for the person is to be assigned to the New York City Police Department (hereinafter NYPD) and that all trains in the reported area are to proceed at a "restricted speed with extreme caution." The general superintendent averred that these protocols were followed after the decedent was observed on the tracks. In addition, according to the deposition testimony of a NYPD officer, upon responding to a report of an unauthorized person on the tracks, the officer rode on a southbound train from Newkirk Avenue to Flatbush Avenue and then on a northbound train from Flatbush Avenue to Newkirk Avenue in search of an individual on the tracks, but did not locate the decedent. During the search, the trains traveled slowly, and the officer observed other police officers in the tunnel looking for someone on the tracks.
Furthermore, the defendants established as a matter of law that the decedent's conduct constituted an intervening and superseding cause which severed "any causal nexus between the occurrence of the accident and any alleged negligence on the part of the defendants" (Lynch v Metropolitan Transp. Auth., 82 AD3d 716, 717; see Weimar v Metropolitan Transp. Auth., 147 AD3d at 1112; Tisdell v Metropolitan Transp. Auth., 139 AD3d 844, 846). The defendants demonstrated that the decedent, who had a blood alcohol content of 0.16%, descended from the platform of the Newkirk Avenue station onto the northbound tracks and walked south toward the Flatbush Avenue station, despite individuals on the platform yelling at the decedent to get off the tracks. The decedent voluntarily walked into the tunnel area and remained therein for approximately two hours, despite the defendants' efforts to locate him, until he was struck by a train. The decedent's reckless conduct was "so obviously fraught with danger" that by its very nature evinced "a wanton disregard" for his own personal safety such that it broke any causal connection between his death and any alleged negligence on the part of the defendants (Lynch v Metropolitan Transp. Auth., 82 AD3d at 717; see Weimar v Metropolitan Transp. Auth., 147 AD3d at 1112; Tisdell v Metropolitan Transp. Auth., 139 AD3d at 844; Wadhwa v Long Is. R.R., 13 AD3d 615; Lassalle v New York City Tr. Auth., 11 AD3d 661; Brown v Long Is. R.R., 304 AD2d 601; Gao Yi Feng v Metropolitan Transp. Auth., 285 AD2d 447; Pytel v New Jersey Tr. Auth., 267 AD2d 155, 155).
In opposition, the plaintiff failed to raise a triable issue of fact (see Tisdell v Metropolitan Transp. Auth., 139 AD3d at 846). Specifically, the plaintiff failed to raise a triable issue of fact regarding the defendants' response to the report of a person on the tracks, including the rationality of the defendants' policies and protocols. Further, as the issue of whether the decedent intended to cause his own death is irrelevant to a determination of liability here, contrary to the plaintiff's contention, no triable issue of fact exists as to whether the decedent committed suicide.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court