■ DENISE L. GANIOS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 73277.)—In a claim to recover damages for personal injuries, the defendant appeals from a judgment of the Court of Claims (Lengyel, J.), dated February 1, 1990, which, after a nonjury trial, is in favor of the claimant and against it in the principal sum of $111,930.

Ordered that the judgment is affirmed, with costs.

The claimant was injured in a single-car accident on the

rainy night of November 28, 1984, while attempting to negotiate a curve near mile marker 4.9 on the southbound lanes of the Hutchinson River Parkway. The claimant alleged that her vehicle skidded off the roadway and struck a tree after she traveled from a recently resurfaced area of the road onto an extremely slippery section of the road which had not been resurfaced. The Court of Claims found that the State had failed to properly maintain the portion of the road involved, and that this negligence was the sole proximate cause of the accident. We affirm.

It is well settled that a governmental entity has a duty to the public to keep its streets in a reasonably safe condition *(see, Friedman v State of New York,* 67 NY2d 271, 283; *Weiss v Fote,* 7 NY2d 579, 584). "While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, the State is accorded a qualified immunity from liability arising out of a highway planning decision *(Alexander v Eldred,* 63 NY2d 460, 465-466; *Weiss v Fote,* 7 NY2d 579, 585-586, *supra)" (Friedman v State of New York, supra,* at 283). Nevertheless, all liability is not excluded, because " 'liability for injury arising out of the operation of a duly executed highway safety plan may * * * be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis' " *(Gutelle v City of New York,* 55 NY2d 794, 795, quoting *Weiss v Fote,* 7 NY2d 579, 589, *supra).*

The claimant has satisfied her burden by demonstrating that the repaving project undertaken in this case was not the product of adequate study and was performed in a manner which lacked a reasonable basis. It is undisputed that the curved area where the accident occurred was extraordinarily slippery when wet. Indeed, a sign to this effect was installed in the area in May 1981. Moreover, the defendant repaved a portion of the curved area in July 1984, but left the original, slippery surface on a remaining portion of the curve. Several of the witnesses who testified at the trial acknowledged that creating a change in road surface at a point where a road curves does not constitute good highway maintenance, as different paved surfaces may have substantially different characteristics under wet conditions. There was expert testimony establishing that the newly-paved asphalt possessed a different coefficient of stopping friction from the existing, extraordinarily slippery concrete pavement, thereby precipitating the claimant's accident. The record further indicates that the

decision to terminate the resurfacing before reaching the end of the curved area was not the product of a choice between conflicting expert opinions. Rather, the defendant's witnesses indicated that the point where the repaving ended was selected arbitrarily because "the amount of material that we were supposed to use, we had already exceeded", and they acknowledged that they gave little thought to the question of where the repaving should cease. Hence, it is clear that the plan, if any, with respect to the repaving of the part of the curve, evolved without adequate study. Under these circumstances, the trial court's conclusion that this area of the road constituted an unreasonably dangerous condition is amply supported by the record.

Similarly, the record supports the court's determination that the condition of the road constituted the sole proximate cause of the claimant's accident. There was no evidence suggesting that the claimant was operating her vehicle at an unreasonable or excessive rate of speed, and the court's determination that she was free from culpability is not against the weight of the evidence or contrary to law. Accordingly, we discern no basis for disturbing that determination (see, e.g., Lattanzi v State of New York, 74 AD2d 378, 380, affd 53 NY2d 1045).

The award of damages is not excessive (see, CPLR 5501 [c]). Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.