■ Robert Justice et al., Appellants, v City of New York, Respondent, et al., Defendant. (And a Third-Party Action.) [777 NYS2d 664]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 9, 2003, as granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated insofar as asserted against the defendant City of New York.

The plaintiff Robert Justice (hereinafter the injured plaintiff) allegedly was injured on June 29, 1992, when a vehicle owned and operated by the defendant Orville Germain collided with the injured plaintiff's vehicle at the intersection of Flatlands Avenue and Pennsylvania Avenue in Brooklyn. The traffic signal at that intersection was not functioning properly at the time of the accident.

The Supreme Court providently exercised its discretion in permitting the defendant City of New York (hereinafter the

City) to file its cross motion for summary judgment beyond the time limit provided by CPLR 3212 (a) (*see Boehme v A.P.P.L.E., A Program Planned for Life Enrichment,* 298 AD2d 540 [2002]; *Goodman v Gudi,* 264 AD2d 758 [1999]).

However, the Supreme Court improperly granted the City's cross motion for summary judgment, since the City failed to establish, as a matter of law, that it did not have constructive notice of the malfunctioning traffic signal before the accident (*see Prager v Motor Veh. Acc. Indem. Corp.,* 74 AD2d 844 [1980], *affd* 53 NY2d 854 [1981]). Furthermore, the City failed to establish that the intervening acts of the injured plaintiff and Germain were the superseding cause of the accident (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]; *Pomeroy v Buccina,* 289 AD2d 944 [2001]). Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.