■ Zu-Hua Lin, Respondent, v City of New York, Defendant/Third-Party Plaintiff-Respondent-Appellant, and Carlos F. Rivera et al., Respondents. Petrocelli Electric Co., Inc., Third-Party Defendant-Appellant-Respondent. [888 NYS2d 174]—

In an action to recover damages for personal injuries, the third-party defendant, Petrocelli Electric Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 11, 2005, as denied that branch of its motion which was for summary judg-

ment dismissing the third-party complaint, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, that branch of the motion of the third-party defendant, Petrocelli Electric Co., Inc., which was for summary judgment dismissing the third-party complaint is granted, and the cross motion of the defendant City of New York for summary judgment dismissing the complaint and cross claims insofar as asserted against it is granted.

On April 25, 2004, the plaintiff, while operating a motor scooter, collided with two vehicles operated by private individuals. The plaintiff commenced an action against, among others, the defendant City of New York, which brought a third-party action against the third-party defendant Petrocelli Electric Co., Inc. (hereinafter PEC), which was under contract with the City to maintain the traffic signal at the subject intersection.

Neither the plaintiff nor either of the individual defendants involved in the accident testified as to any traffic signal outage at the subject intersection. Moreover, evidence was offered that, prior to the accident, the City received only a single report of a traffic signal outage at the intersection, approximately one month earlier, and that it promptly notified its contractor, PEC, which, in turn, dispatched a worker who found the traffic light fully operational. Thus, the City established, prima facie, that it did not have actual or constructive notice of any outage (*cf. Justice v City of New York*, 8 AD3d 237 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the City was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In light of our determination, that branch of PEC's motion which was for summary judgment dismissing the third-party complaint interposed by the City should have been granted. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.