■ Carlos E. Rosa et al., Appellants, v Steven M. Scheiber et al., Respondents. [932 NYS2d 349]—

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that the injured plaintiff walked out from behind a parked trailer, not within a crosswalk, directly into the path of the defendants' moving vehicle, leaving the defendant driver unable to avoid contact with the injured plaintiff (*see* Vehicle and Traffic Law § 1152 [a]; *Wolbe v Fishman*, 29 AD3d 785 [2006]; *Ledbetter v Johnson*, 27 AD3d 698 [2006]; *Mancia v Metropolitan Tr. Auth. Long Is. Bus*, 14 AD3d 665 [2005]; *Sheppeard v Murci*, 306 AD2d 268 [2003]; *Johnson v Lovett*, 285 AD2d 627 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant driver operated the vehicle in a negligent manner (*see* Vehicle and Traffic Law § 1146 [a]). The plaintiffs' contention that the evidence demonstrated that the driver should have avoided the impact because he should have seen the injured plaintiff when he was 10 to 15 feet away is without merit (*see Miller v Sisters of Order of St. Dominic*, 262 AD2d 373, 374 [1999]). Furthermore, under the circumstances of this case, the injured plaintiff's estimate that the driver was traveling at "[m]aybe 30 miles an hour" was speculative (*see Batts v Page*, 51 AD3d 833 [2008]; *Meliarenne v Prisco*, 9 AD3d 353 [2004]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.