In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered August 13, 2012, which denied his motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff testified at a deposition that, on the afternoon of April 8, 2008, he attempted to cross Fulton Avenue in Hemp-stead, a four-lane east-west avenue with parking lanes on either side, in the middle of the block, approximately 200 feet west of its intersection with Main Street. While he was standing in the parking lane on the south side of the avenue, the plaintiff first looked right, then left, then straight ahead. The plaintiff further testified at his deposition that he started to run across when the traffic in both eastbound lanes had just passed him by 20 feet, traveling away from him, and the traffic coming toward him in the westbound lanes was farther away, at a distance he could not calculate. The plaintiff crossed the two eastbound lanes and did not see the defendant’s vehicle in the left westbound lane before it struck him. According to the defendant’s deposition testimony, the defendant was traveling in the left westbound lane in fairly heavy traffic at about 15 to 20 miles per hour, having just started moving after stopping for a red light at the intersection of Fulton and Main. There was oncoming traffic in the eastbound lanes. The defendant further testified at his deposition that a large, white box truck in the eastbound lane closest to the defendant on the other side of the double yellow line was about to pass him, and the two vehicles were almost parallel with each other, when the plaintiff suddenly ran out from behind the truck into the defendant’s lane of travel. The plaintiff was about half a car length away when the defendant first saw him. The defendant asserted that he immediately slammed on the brakes but was unable to avoid hitting the plaintiff.
*866 The defendant established his prima facie entitlement to judgment as a matter of law with evidence that the plaintiff ran into the middle of the road outside of a crosswalk and into the defendant’s lane of travel when the defendant’s view of the plaintiff was obstructed, such that the defendant was unable to avoid contact with the plaintiff (see Vehicle and Traffic Law § 1152 [a]; Rodriguez v Catalano, 96 AD3d 821 [2012]; Rosa v Scheiber, 89 AD3d 827 [2011]; Braxton v Jennings, 63 AD3d 772 [2009]; Brown v City of New York, 237 AD2d 398 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant operated his vehicle in a negligent manner (see Rosa v Scheiber, 89 AD3d at 828; Sheppeard v Murci, 306 AD2d 268 [2003]; Brown v City of New York, 237 AD2d at 398-399; Vehicle and Traffic Law § 1146 [a]). Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Eng, EJ., Rivera, Angiolillo and Balkin, JJ., concur.