Second Department, November, 2015

(November 4, 2015)

■ Brett J. Balliet, Respondent, v North Amityville Fire Department et al., Defendants, and Taqiyya M. Jenkins et al., Appellants. [19 NYS3d 77]—

In an action to recover damages for personal injuries, the de-

fendants Taqiyya M. Jenkins and LL Cool J., Inc., appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 5, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Taqiyya M. Jenkins and LL Cool J., Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly was crossing the street in violation of section 1152 (a) of the Vehicle and Traffic Law, when he was struck by a vehicle operated by the defendant Taqiyya M. Jenkins and owned by the defendant LL Cool J., Inc. (hereinafter together the Jenkins defendants). In order to cross the roadway, the plaintiff had to cross two eastbound lanes, two westbound lanes, and one center turning lane. The plaintiff walked in between stopped vehicles to cross the two eastbound lanes. The plaintiff was struck by the Jenkins defendants' vehicle, which was traveling eastbound, soon after he entered the center turning lane.

The plaintiff thereafter commenced this action against the Jenkins defendants, among others. The Jenkins defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiff opposed the motion, while the remaining defendants submitted no opposition. The Supreme Court denied the motion.

Under the circumstances presented here, the Jenkins defendants established their entitlement to judgment as a matter of law by demonstrating that the conduct of the plaintiff in crossing the street at a location other than at an intersection, while emerging from between stopped cars, was the sole proximate cause of the accident, and that Jenkins was free from fault despite the plaintiff's allegation that she failed to avoid a collision with the plaintiff (see Galo v Cunningham, 106 AD3d 865, 866 [2013]; Rodriguez v Catalano, 96 AD3d 821, 822 [2012]; Rosa v Scheiber, 89 AD3d 827, 828 [2011]; Braxton v Jennings, 63 AD3d 772 [2009]; Sheppeard v Murci, 306 AD2d 268, 269 [2003]; Brown v City of New York, 237 AD2d 398 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (see Galo v Cunningham, 106 AD3d at 866; Rosa v Scheiber, 89 AD3d at 828; Sheppeard v Murci, 306 AD2d at 269; Brown v City of New York, 237 AD2d at 398-399), and the remaining defendants did not oppose the motion. Accordingly, the Supreme Court should have granted the Jenkins defend-

ants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

In light of our determination, it is not necessary to address the merit of the Jenkins defendants' remaining contention. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur. **[Prior Case History: 2014 NY Slip Op 32358(U).]**