■ MICHAEL TISDELL, Individually and as Administrator of the Estate of MITCHEL A. TISDELL, Deceased, et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendants. [30 NYS3d 701]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendants Metropolitan Transportation Authority and Long Island Rail Road appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered June 17, 2014, as, upon

reargument, denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the merits, which had previously been denied as untimely in an order of the same court dated July 24, 2013.

Ordered that the order entered June 17, 2014, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the motion of the defendants Metropolitan Transportation Authority and Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against them is granted.

Mitchel A. Tisdell (hereinafter the decedent) was struck and killed by an eastbound train operated by the defendant Long Island Rail Road (hereinafter the LIRR) and owned by the defendant Metropolitan Transportation Authority (hereinafter the MTA) while attempting to walk across train tracks at the Stewart Avenue grade crossing located just east of the train station in Bethpage. The decedent, who had been drinking shortly before the incident, had walked to the south side of the crossing to meet his sister. He greeted his sister and then, 14 seconds after a westbound train passed through the crossing, he ducked under or around a lowered pedestrian safety gate and proceeded to walk north across the tracks. He did not first look to see if another train was coming, and proceeded to cross the tracks despite a number of warnings that it was not yet safe to do so, including the lowered pedestrian safety gates, ringing bells, flashing lights, and an announcement repeatedly stating, "Warning, second train coming." The decedent's sister, who had begun to cross the tracks with the decedent moments earlier, saw the eastbound train approaching the crossing and was able to step back out of the way. The decedent was struck by the train. Toxicological testing revealed that the decedent had a blood alcohol level of .12% at the time of his death.

The decedent's mother and sister, and his brother individually and on behalf of the decedent's estate, commenced this action against the MTA and the LIRR (hereinafter together the MTA defendants), among others, seeking damages for the decedent's injuries and death, their loss of the decedent's society and guidance, and the emotional injuries that the decedent's sister suffered from having witnessed the accident. Following discovery, the MTA defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they were not negligent and that the decedent's own reckless conduct in crossing the tracks was the sole proximate cause of the accident and his resulting death. The Supreme Court initially denied the motion as untimely.

Upon reargument, the court, in effect, vacated its prior determination and, thereupon, denied the motion on the merits.

The MTA defendants correctly contend that they established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they were not negligent (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiffs' speculative assertions in opposition to the motion were insufficient to raise a triable issue of fact. In any event, the MTA defendants also succeeded in demonstrating, as a matter of law, that the decedent's own reckless conduct constituted the sole proximate cause of his death. Indeed, an injured party's own reckless and extraordinary conduct can constitute "an intervening and superseding event which severs any causal nexus between the occurrence of the accident and any alleged negligence on the part of the defendants" (*Lynch v Metropolitan Transp. Auth.*, 82 AD3d 716, 717 [2011]; *see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Dumbadze v Schwatt*, 291 AD2d 529, 529 [2002]). To qualify as the type of intervening or superseding event sufficient to break the causal nexus, the conduct or activity engaged in by the injured party must be "so obviously fraught with danger" that its very nature evidences "a wanton disregard for the actor's own personal safety or well-being" (*Lynch v Metropolitan Transp. Auth.*, 82 AD3d at 717; *see Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006]). Whether the conduct of an injured party "is a superseding cause or whether it is a normal consequence of the situation created by a defendant are typically questions to be determined by the trier of fact" (*Dumbadze v Schwatt*, 291 AD2d at 529; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *Sang Woon Lee v Il Mook Choi*, 132 AD3d 969, 970 [2015]; *Riccio v Kid Fit, Inc.*, 126 AD3d 873, 873 [2015]). " 'However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts' " (*Sang Woon Lee v Il Mook Choi*, 132 AD3d at 970, quoting *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889, 889 [2011]).

Here, the decedent's conduct in bypassing the pedestrian safety gates to traverse the crossing seconds after the westbound train passed through, despite the numerous warnings in place that it was not yet safe to do so and without first looking to see if another train was approaching, was an action so obviously fraught with danger that, by its very nature, it evidenced a wanton disregard for the decedent's own personal safety or well-being (*see Lynch v Metropolitan Transp. Auth.*, 82 AD3d at

717; *Mooney v Long Is. R.R.*, 305 AD2d 560 [2003]; *Gao Yi Feng v Metropolitan Transp. Auth.*, 285 AD2d 447 [2001]; *cf. Soto v New York City Tr. Auth.*, 6 NY3d 487 [2006]). Under the circumstances of this case, and as a matter of law, the decedent's conduct was a superseding event which severed any causal connection between this tragic accident and any alleged negligence on the part of the MTA defendants (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). Since the plaintiffs failed to raise a triable issue of fact in this regard, the Supreme Court, upon reargument, should have granted the MTA defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

In light of the foregoing determination, we do not reach the parties' remaining contentions. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.