(June 22, 2016)

■ HASSAN ALI et al., Respondents, v JEAN WILCENE PAUL et al., Appellants. [34 NYS3d 166]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated October 6, 2015, which denied their motion for summary judgment dismissing the complaint on the issue of liability or, in the alternative, for summary judgment dismissing the complaint insofar as asserted on behalf of the infant plaintiff on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the issue of liability is granted, and the motion is otherwise denied as academic.

On March 22, 2012, the plaintiff Hassan Ali (hereinafter the plaintiff) was waiting on a sidewalk with his son, the infant plaintiff, for a pedestrian signal to change to "walk," when the infant plaintiff suddenly ran into the street. The plaintiff allegedly ran after his son and was struck by the defendants' bus. After the plaintiffs commenced this action to recover damages for personal injuries, etc., the defendants moved, inter alia, for summary judgment dismissing the complaint on the issue of liability. In support of their motion, the defendants established their prima facie entitlement to judgment as a matter of law. The defendants presented evidence that the infant plaintiff suddenly ran into the street at a location other than at an intersection, directly into the path of the defendants' vehicle. The plaintiff ran after the infant plaintiff and pushed him out of the way of the bus, leaving the defendant driver unable to avoid contact with the plaintiff. This evidence established, prima facie, that the actions of the infant plaintiff and the plaintiff were the sole proximate cause of the accident (*see Balliet v North Amityville Fire Dept.*, 133 AD3d 559, 560 [2015]; *Braxton v Jennings*, 63 AD3d 772 [2009]; *Reid v Miguel*, 43 AD3d 814, 815 [2007]; *Sheppeard v Murci*, 306 AD2d 268, 268-269 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the issue of liability.

The defendants' remaining contention has been rendered academic in light of our determination. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.