■ TAMMY WARREN, Individually and as Administratrix of the Estate of GRAHAM JAMES WARREN, Also Known as GRAHAM WARREN, Deceased, Respondent, v GREGORY EVANS et al., Defendants, and COUNTY OF NASSAU, Appellant. [42 NYS3d 37]—

In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated September 30, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Graham James Warren, was killed on August 29, 2009, when the motorcycle he was driving collided with a vehicle driven by the defendant Gregory Evans. The collision occurred when Evans was attempting to make a left turn into a shopping center in Glen Cove, Nassau County. The intersection was controlled by a traffic light and there was a designated left turn lane, from which Evans proceeded, but the traffic light did not have a separate indicator for traffic turning left. The plaintiff commenced this action alleging, inter alia, that the defendant County of Nassau was negligent in failing to install appropriate traffic control devices at the subject intersection. The County moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it was entitled to qualified immunity arising out of a highway planning decision. The Supreme Court denied the motion. We affirm.

A governmental entity has a duty to the public to keep its streets in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Weiss v Fote*, 7 NY2d 579, 584 [1960]; *Iacone v Passanisi*, 133 AD3d 717, 718 [2015]). "While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the [government's] planning and decision-making functions. Thus, in the field of traffic design engineering, the State is accorded a qualified immunity from liability arising out of a

highway planning decision" (*Friedman v State of New York*, 67 NY2d at 283; *see Poveromo v Town of Cortlandt*, 127 AD3d 835, 837 [2015]; *Schuster v McDonald*, 263 AD2d 473, 473-474 [1999]; *Ganios v State of New York*, 181 AD2d 859, 860 [1992]). Under the doctrine of qualified immunity, a governmental entity may not be held liable for a highway safety planning decision unless its study of a traffic condition is plainly inadequate, or there is no reasonable basis for its traffic plan (*see Friedman v State of New York*, 67 NY2d at 283-284; *Alexander v Eldred*, 63 NY2d 460, 466 [1984]; *Weiss v Fote*, 7 NY2d at 589; *Schuster v McDonald*, 263 AD2d at 474). Immunity will apply only "where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (*Weiss v Fote*, 7 NY2d at 588; *see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 673 [1999]; *Kuhland v City of New York*, 81 AD3d 786, 787 [2011]; *Selca v City of Peekskill*, 78 AD3d 1160, 1161 [2010]).

Here, the County failed to establish that the design of the subject traffic signal, including the determination that no left turn signal was warranted, was based on a study which entertained and passed on the very same question of risk that the plaintiff would put to a jury (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 672-675; *Mare v City of New York*, 112 AD3d 793, 794 [2013]; *Kuhland v City of New York*, 81 AD3d at 787; *Santiago v New York City Tr. Auth.*, 271 AD2d 675, 677 [2000]). The County's contention that it was not a proximate cause of the subject accident, raised for the first time on appeal, is not properly before this Court (*see Matter of Panetta v Carroll*, 62 AD3d 1010 [2009]; *Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]).

The County's remaining contention is without merit.

Since the County failed to satisfy its prima facie burden, its summary judgment motion was properly denied without regard to the sufficiency of the opposition papers (*see Mare v City of New York*, 112 AD3d at 794). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.