Pixtun-Suret v Gevinski (2018 NY Slip Op 06581)





Pixtun-Suret v Gevinski


2018 NY Slip Op 06581


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-06675
 (Index No. 12182/14)

[*1]Cruz Pixtun-Suret, respondent, 
v
Michael A. Gevinski, et al., appellants.


Buratti, Rothenberg & Burns, Melville, NY (Alan M. Shushan and Veronica A. Rozo of counsel), for appellants.
Ferro, Kuba, Mangano, Sklyar, P.C. (Linc C. Leder and Kenneth Mangano of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 16, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On November 4, 2011, the plaintiff, a pedestrian, was struck by a motor vehicle owned by the defendant Michael A. Gevinski and operated by the defendant Eric Michael Gevinski (hereinafter the defendant driver), as the plaintiff was crossing County Road 58, approximately 450 feet west of its intersection with Ostrander Avenue, in Riverhead. It is undisputed that the plaintiff was crossing from the north side of the road to the south side of the road, and that he was not in a crosswalk or intersection at the time of the accident.
The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging negligence. After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff, given his actions in crossing the street as he did at the time of the accident, violated Vehicle and Traffic Law § 1152(a) and was the sole proximate cause of his injuries. The plaintiff opposed the defendants' motion on the ground, among others, that there were triable issues of fact as to whether the defendant driver operated the vehicle in a negligent manner. The Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the conduct of the plaintiff in crossing the street at a location other than at an intersection, while emerging from between vehicles in the left lane of eastbound traffic, was the sole proximate cause of the accident, and that the defendant driver was free from fault despite the plaintiff's allegation that he failed to avoid a collision with the plaintiff (see Balliet v North Amityville Fire Dept., 133 AD3d 559, 560-561; Galo v Cunningham, 106 AD3d 865, 866; Rosa v Scheiber, 89 AD3d 827, 828). In opposition, the plaintiff failed to raise a triable issue of fact as to [*2]whether the defendant driver operated the vehicle in a negligent manner or failed to see that which, through proper use of his senses, he should have seen (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court