Tyberg v City of New York (2019 NY Slip Op 05177)





Tyberg v City of New York


2019 NY Slip Op 05177


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-03171
 (Index No. 5086/11)

[*1]Boruch Tyberg, etc., et al., appellants, 
v
City of New York, et al., respondents.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg, Qian Julie Wang, and Jason Anton of counsel), for respondent City of New York.
Litchfield Cavo LLP, New York, NY (Robert Macchia of counsel), for respondent Paul C. Jules.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated February 24, 2016. The order, insofar as appealed from, granted those branches of the separate motions of the defendants City of New York and Paul C. Jules which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendant City of New York, and one bill of costs is awarded to the defendant Paul C. Jules payable by the plaintiffs.
On the morning of May 7, 2010, the infant plaintiff, then eight years old, was walking in Brooklyn with his mother and brother towards the intersection of Avenue J and East 32nd Street. Although there was no formal bus stop at that location, a number of private schools routinely utilized the location to pick up children. At the time, Avenue J was a two-way street with no traffic control device at the subject intersection. East 32nd Street was a one-way street with a stop sign at its intersection with Avenue J. There was no crosswalk across Avenue J at that intersection. The infant plaintiff was intending to board a bus and go to school. His mother prepared to cross Avenue J with the children behind a bus that was stopped in traffic. Focused on the traffic, she extended her hand for the infant plaintiff to hold. When she did not feel his hand, she turned her head in his direction and saw him running across Avenue J. Upon passing behind the bus and crossing the center line of Avenue J, the infant plaintiff collided with a vehicle being driven by the defendant Paul C. Jules. [*2]The infant plaintiff sustained severe injuries as a result of the accident.
The infant plaintiff, by his father, and his father suing derivatively, commenced this action against Jules and the City of New York, alleging, inter alia, that the City was negligent in failing to install an appropriate traffic control device for Avenue J at the intersection. Jules and the City separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In the order appealed from, the Supreme Court granted both motions. The plaintiffs appeal.
We agree with the Supreme Court's determination that Jules established that he was not negligent as a matter of law. Jules submitted evidence that the infant plaintiff darted out from behind a bus, not within a crosswalk, directly into the path of Jules' moving vehicle. Jules' view of the infant plaintiff was obstructed by the bus such that he was unable to avoid contact with the infant plaintiff (see Pixtun-Suret v Gevinski, 165 AD3d 715, 716; Balliet v North Amityville Fire Dept., 133 AD3d 559, 560; Galo v Cunningham, 106 AD3d 865, 866; Rosa v Scheiber, 89 AD3d 827, 828). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Jules operated the vehicle in a negligent manner (see Pixtun-Suret v Gevinski, 165 AD3d at 716; Galo v Cunningham, 106 AD3d at 866; Rosa v Scheiber, 89 AD3d at 828).
We disagree, however, that the City established its prima facie entitlement to judgment as a matter of law. A municipality has a duty to keep its streets in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283; Weiss v Fote, 7 NY2d 579, 584; Warren v Evans, 144 AD3d 901). "While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, the [governmental body] is accorded a qualified immunity from liability arising out of a highway planning decision" (Friedman v State of New York, 67 NY2d at 283; see Warren v Evans, 144 AD3d at 901-902; Poveromo v Town of Cortlandt, 127 AD3d 835, 837). Under the doctrine of qualified immunity, a governmental body may not be held liable for a highway safety planning decision unless its study of the traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan (see Friedman v State of New York, 67 NY2d at 284; Alexander v Eldred, 63 NY2d 460, 466; Weiss v Fote, 7 NY2d at 589). Immunity will apply only "where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (Weiss v Fote, 7 NY2d at 588; see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 673; Warren v Evans, 144 AD3d at 902; Kuhland v City of New York, 81 AD3d 786, 787).
Here, the City failed to sustain its prima facie burden on the issue of qualified immunity. The City established that, in response to citizen complaints, it had conducted studies of the subject intersection in 2005 and 2007 and concluded that no traffic control device on Avenue J was warranted. However, the City did not establish that those studies, which took place in the summertime, were conducted at times when the subject schools were in session. The City also failed to establish that the studies addressed the specific concern of schoolchildren crossing Avenue J to reach awaiting buses and, thus, did not establish that it had entertained and passed on the very same question of risk that is at issue in this case (see Warren v Evans, 144 AD3d at 902; Mare v City of New York, 112 AD3d 793, 794; see also Ernest v Red Cr. Cent. School Dist., 93 NY2d at 673-674; Kuhland v City of New York, 81 AD3d at 787).
In addition, the City failed to establish, as a matter of law, that its alleged negligence was not a proximate cause of the infant plaintiff's injuries (see Justice v City of New York, 8 AD3d 237, 238; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308). Since the City failed to satisfy its prima facie burden, its motion should have been denied without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court