Rampersaud v Hsieh Hsu Mach. Co., Ltd. (2021 NY Slip Op 04384)





Rampersaud v Hsieh Hsu Mach. Co., Ltd.


2021 NY Slip Op 04384


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-11966
 (Index No. 206/09)

[*1]Rudenauth Rampersaud, et al., plaintiffs-respondents,
v
Hsieh Hsu Machinery Co., Ltd., defendant- respondent, Orbit Electrical Services Corp., defendant third-party plaintiff, et al., defendants; Ares Printing and Packaging Corporation, third-party defendant-appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for third-party defendant-appellant.
David A. Kapelman, P.C., New York, NY, for plaintiffs-respondents.
Henrichsen Siegel, PLLC, New York, NY (Chiung-hui Huang of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 3, 2017. The order, insofar as appealed from, denied the third-party defendant's motion for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff, Orbit Electrical Services Corp., the third-party complaint, and the cross claims of the defendant Hsieh Hsu Machinery Co., Ltd., insofar as asserted against it.
ORDERED that the appeal from so much of the order as denied that branch of the third-party defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff, Orbit Electrical Services Corp., is dismissed as academic in light of our determination on a related appeal (Rampersaud v Hsieh Hsu Machinery Co., Ltd., _____ AD3d _____ [Appellate Division Docket No. 2018-09113; decided herewith]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On or about January 24, 2006, the plaintiff Rudenauth Rampersaud (hereinafter the injured plaintiff) allegedly was injured during the course of his employment with the third-party defendant, Ares Printing and Packaging Corporation (hereinafter Ares), when he attempted to clean the glue roll of a corrugator machine with a cloth by placing his left hand between the glue roll and a rotating cylinder while the machine was operating. The injured plaintiff, and his wife suing [*2]derivatively, commenced this action to recover damages for personal injuries against, among others, Hsieh Hsu Machinery Co., Ltd. (hereinafter Hsieh), the manufacturer of the corrugator machine, and Orbit Electrical Services Corp. (hereinafter Orbit), which serviced various machines owned and operated by Ares. Orbit commenced a third-party action against Ares for indemnification and/or contribution, and Hsieh filed an amended answer with cross claims against, among others, Ares for indemnification and/or contribution. Thereafter, Ares moved for summary judgment dismissing the complaint insofar as asserted against Orbit, the third-party complaint, and Hsieh's cross claims insofar as asserted against it. In an order dated August 3, 2017, the Supreme Court, inter alia, denied Ares's motion. Ares appeals.
Initially, we note that in a related appeal (Rampersaud v Hsieh Hsu Machinery Co., Ltd., _____ AD3d _____ [Appellate Division Docket No. 2018-09113; decided herewith]), we decline to disturb the Supreme Court's determination in another order dated August 3, 2017, granting Orbit's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In light of that determination, Ares is entitled to summary judgment dismissing the third-party complaint (see Nicola v United Veterans Mut. Hous. No. 2, Corp., 178 AD3d 937, 940; Keegan v Moriarty-Morris, 153 AD3d 683, 684; Isaacs v Federated Dept. Stores, Inc., 146 AD3d 762, 765).
"[A]n injured party's own reckless and extraordinary conduct can constitute 'an intervening and superseding event which severs any causal nexus between the occurrence of the accident and any alleged negligence on the part of the defendants'" (Tisdell v Metropolitan Transp. Auth., 139 AD3d 844, 846, quoting Lynch v Metropolitan Transp. Auth., 82 AD3d 716, 717; see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 534). "Whether the conduct of an injured party 'is a superseding cause or whether it is a normal consequence of the situation created by a defendant are typically questions to be determined by the trier of fact'" (Tisdell v Metropolitan Transp. Auth., 139 AD3d at 846, quoting Dumbadze v Schwatt, 291 AD2d 529, 529). "'However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts'" (Tisdell v Metropolitan Transp. Auth., 139 AD3d at 846, quoting Sang Woon Lee v Il Mook Choi, 132 AD3d 969, 970 [internal quotation marks omitted]).
Here, Ares established, prima facie, that the accident was caused by the injured plaintiff's own conduct of placing his hand between the glue roll and a rotating cylinder while the corrugator machine was operating (see Hernandez v Asoli, 171 AD3d 893, 895; Isselbacher v Larry Lopez Truck Equip. Mfg. Co., 66 AD3d 840, 841). The injured plaintiff testified that he did not turn
off the corrugator machine prior to attempting to clean the glue roll because his supervisor did not specifically instruct him to turn off the machine. However, the injured plaintiff acknowledged that prior to the date of the accident, he cleaned the glue roll every day at the end of his shift and always "stop[ped] the machine" before cleaning the glue roll. Although the injured plaintiff testified that he was injured when he had to clean the glue roll for the first time during his work shift, he indicated that he had previously turned off the machine for maintenance purposes, including to stop glue from "getting on the roll."
However, in opposition to Ares's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs and Hsieh raised triable issues of fact as to whether Ares was negligent and, if so, whether that negligence contributed to the accident. The injured plaintiff testified that at the time his supervisor instructed him to clean the glue roll, his supervisor was standing "in front of the operator box" for the corrugator machine. According to the injured plaintiff, at the time he placed his hand between the glue roll and the cylinder to start cleaning, the gap between those parts was about four to five inches wide. The injured plaintiff indicated that about a minute after his supervisor instructed him to clean the glue roll, the glue roll "came up," causing his hand to get caught between the glue roll and the cylinder. Based upon that testimony, the plaintiffs' expert, whose affidavit was submitted in opposition to Ares' motion, opined that a proximate cause of the accident was the actions of the injured plaintiff's supervisor, who likely "activated the glue system position control, causing the rolls . . . to move closer together," which resulted in the injured plaintiff's hand getting "drawn in[ ]" to the machine. Further, Hsieh's expert, whose affidavit was submitted in opposition to Ares's motion, attested that "the roller controlling system is not capable of instigating an action that would direct the coming together of the rolls on its own" without a maintenance issue, and that "it takes a positive impute [sic] to create a change in any of the machine's roll configurations." Moreover, Hsieh's expert opined that Ares's failure to ensure the machine was "shut off, isolated and locked out" prior to cleaning was a violation of Occupational [*3]Safety and Health Administration rules, and the plaintiffs' expert similarly averred that Ares negligently failed to implement an appropriate "lockout" program. Consequently, the plaintiffs and Hsieh raised triable issues of fact as to whether Ares was negligent and, if so, whether that negligence contributed to the accident.
Furthermore, Ares failed to establish, prima facie, that the injured plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11, namely the permanent and total loss of use of his left hand (see Millard v Alliance Laundry Sys., LLC, 28 AD3d 1145, 1147; Sexton v Cincinnati Inc., 2 AD3d 1408, 1408-1410; Balaskonis v HRH Constr. Corp., 1 AD3d 120, 120).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied that branch of Ares's motion which was for summary judgment dismissing Hsieh's cross claims insofar as asserted against it.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court