Ok Sun Chong v Scheelje (2023 NY Slip Op 03870)

Ok Sun Chong v Scheelje

2023 NY Slip Op 03870

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-02893
 (Index No. 709111/18)

[*1]Ok Sun Chong, appellant, 
v
Gunther Scheelje, respondent.

Law Offices of Andrew Park, P.C., New York, NY, for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated March 24, 2021. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff pedestrian allegedly was struck by a vehicle operated by the defendant at or near the intersection of Roosevelt Avenue and Parsons Boulevard in Queens County. Thereafter, the plaintiff commenced this action against the defendant. The defendant filed an answer. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's violation of Vehicle and Traffic Law § 1152(a) was the sole proximate cause of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's violation of Vehicle and Traffic Law § 1152(a) was the sole proximate cause of the accident, and that he was free from fault in the happening of the injury-producing event (see Pixtun-Suret v Gevinski, 165 AD3d 715, 716; Balliet v North Amityville Fire Dept., 133 AD3d 559, 560; Jahangir v Logan Bus Co., Inc., 89 AD3d 1064). In opposition, the plaintiff failed to submit evidence in admissible form to raise a triable issue of fact. Contrary to the plaintiff's contention, the motion was not premature. The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court