G.F. v Epstein (2024 NY Slip Op 02040)

G.F. v Epstein

2024 NY Slip Op 02040

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-00034
2022-00035
 (Index No. 5167/19)

[*1]G.F., etc., et al., plaintiffs-respondents,
v
David Epstein, defendant-respondent, Village of Kiryas Joel, appellant, et al., defendants.

O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger and Heather Haralambides of counsel), for appellant.
Schwartz, Goldstone & Campisi, LLP, New York, NY (Kevin J. Ryan of counsel), for plaintiffs-respondents.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY (Bridget M. Schultz of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Village of Kiryas Joel appeals from two orders of the Supreme Court, Orange County (Catherine M. Bartlett, J.), both dated December 9, 2021. The first order granted the motion of the defendant David Epstein for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. The second order denied the motion of the defendant Village of Kiryas Joel for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal from so much of the first order as granted those branches of the motion of the defendant David Epstein which were for summary judgment dismissing the complaint insofar as asserted against him and the cross-claims asserted against him by the defendants County of Orange and the Town of Monroe, is dismissed, as the defendant Village of Kiryas Joel is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the first order is affirmed insofar as reviewed; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs and the defendant David Epstein appearing separately and filing separate briefs.
On April 23, 2018, the infant plaintiff, a pedestrian attempting to cross Mountain Road in the defendant Village of Kiryas Joel, was struck by a vehicle owned and operated by the defendant David Epstein. There was no crosswalk at or near the location of the accident.
The infant plaintiff, by her father, and her father suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. The plaintiffs alleged that Epstein was negligent in the operation of his vehicle and in failing to keep a proper lookout, and that the Village was negligent in, among other things, roadway construction, design, and configuration. In his answer, Epstein asserted a cross-claim against the Village for indemnification and/or contribution. In its answer, the Village asserted a cross-claim against Epstein for common-law indemnification.
After the completion of discovery, Epstein and the Village separately moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them. By order dated December 9, 2021, the Supreme Court granted Epstein's motion. In a second order dated December 9, 2021, the court denied the Village's motion. The Village appeals from both orders.
Contrary to the Village's contention, in the first order, the Supreme Court properly granted that branch of Epstein's motion which was for summary judgment dismissing the Village's cross-claim for common-law indemnification insofar as asserted against him. A party moving for summary judgment dismissing a common-law indemnification claim can meet his or her prima facie burden by establishing that the accident was not due to his or her own negligence (see Calle v 16th Ave. Grocery, Inc., 219 AD3d 450, 452; Zong Wang Yang v City of New York, 207 AD3d 791, 796).
Here, Epstein established his prima facie entitlement to judgment as a matter of law by demonstrating that, while traveling on a roadway free from any traffic control device, the infant plaintiff abruptly stepped into the path of Epstein's vehicle from between two vehicles that were stopped in the opposite lane of travel, the infant plaintiff was not in a crosswalk, and Epstein was free from fault despite allegations that he failed to avoid the collision (see Pixtun-Suret v Gevinski, 165 AD3d 715, 715; Balliet v North Amityville Fire Dept., 133 AD3d 559, 560-561; Galo v Cunningham, 106 AD3d 865, 866).
In opposition to Epstein's prima facie showing, the Village failed to raise a triable issue of fact as to whether Epstein was at fault in the happening of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Pixtun-Suret v Gevinski, 165 AD3d at 715).
In the second order, the Supreme Court properly concluded that the Village failed to establish its prima facie entitlement to judgment as a matter of law. "[A] municipality owes to the public the absolute [and nondelegable] duty of keeping its streets in a reasonably safe condition" (Friedman v State of New York, 67 NY2d 271, 283 [alterations and internal quotation marks omitted]; see Riddell v City of New York, 209 AD3d 891, 892). If a municipality conducts an analysis of a dangerous roadway condition and formulates a remedial plan to alleviate the danger, "an unjustifiable delay in implementing the plan constitutes a breach of the municipality's duty to the public" (Friedman v State of New York, 67 NY2d at 286; see Cruz v City of New York, 201 AD2d 606, 607; Ames v City of New York, 177 AD2d 528, 531; see also Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 673).
Here, the Village's submissions in support of its motion failed to eliminate triable issues of fact as to whether, after a detailed analysis, the Village formulated a remedial plan to alleviate relevant dangers at the accident location but unjustifiably delayed implementing the plan for at least four to seven years prior to the accident (see Friedman v State of New York, 67 NY2d at 287; Ames v City of New York, 177 AD2d at 532). Further, the Village failed to establish, prima facie, that the infant plaintiff's conduct was a superseding event that severed any causal connection between this accident and any alleged negligence on the part of the Village (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). To qualify as the type of intervening or superseding event sufficient to break the causal nexus, the injured party's conduct must be "so obviously fraught with danger" that its very nature evidences "a wanton disregard for [his or her] own personal safety or well-being" (Lynch v Metropolitan Transp. Auth., 82 AD3d 716, 717; see Tisdell v Metropolitan Transp. Auth., 139 AD3d 844, 846). Under the circumstances present here, the infant plaintiff's conduct did not rise to the level of "a wanton disregard for [her] own personal safety or well-being" (Lynch v Metropolitan Transp. Auth., 82 AD3d at 717; cf. Lawhorn v City of New York, 186 AD3d [*2]1509, 1511; Tisdell v Metropolitan Transp. Auth., 139 AD3d at 845-847).
Since the Village failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court