McMillian v Crest Hollow Country Club at Woodbury, Inc. (2025 NY Slip Op 05233)

McMillian v Crest Hollow Country Club at Woodbury, Inc.

2025 NY Slip Op 05233

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-03262
 (Index No. 610611/21)

[*1]Joy McMillian, respondent, 
v
Crest Hollow Country Club at Woodbury, Inc., appellant, et al., defendant (and third-party actions).

Shlivko Young LLP, New York, NY (Jesse M. Young of counsel), for appellant.
Michael E. Pressman, New York, NY (Benjamin L. Zepnick of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Crest Hollow Country Club at Woodbury, Inc., appeals from an order of the Supreme Court, Nassau County (Rhonda E. Fischer, J.), entered January 30, 2024. The order, insofar as appealed from, denied that branch of that defendant's cross-motion which was for summary judgment dismissing the first amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a chair broke underneath her at a wedding reception. The defendant Crest Hollow Country Club at Woodbury, Inc. (hereinafter Crest Hollow), cross-moved, inter alia, for summary judgment dismissing the first amended complaint insofar as asserted against it on the ground, among others, that the plaintiff's conduct in sitting down in the chair, after previously complaining about the chair being unsteady, superseded any potential negligence on Crest Hollow's part. By order entered January 30, 2024, the Supreme Court, among other things, denied that branch of Crest Hollow's cross-motion. Crest Hollow appeals.
"[A]n injured party's own reckless and extraordinary conduct can constitute 'an intervening and superseding event which severs any causal nexus between the occurrence of the accident and any alleged negligence on the part of the defendants'" (Tisdell v Metropolitan Transp. Auth., 139 AD3d 844, 846, quoting Lynch v Metropolitan Transp. Auth., 82 AD3d 716, 717). To sever the causal connection between a defendant's conduct and the plaintiff's injuries, a superseding act must be "'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct'" (Kriz v Schum, 75 NY2d 25, 36, quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see Beier v Giglio, 230 AD3d 733, 734; Jones v Saint Rita's R.C. Church, 187 AD3d 727, 729). "Whether a plaintiff's act is a superseding cause or whether it is a normal consequence of the situation created by a defendant are typically questions to be determined by the trier of fact" (Dumbadze v Schwatt, 291 AD2d 529, 529; see Derdiarian v Felix Contr. Corp., 51 NY2d at 315).
Here, the evidence submitted by Crest Hollow in support of its cross-motion failed to establish, prima facie, that the plaintiff's conduct was an unforeseeable superseding event absolving Crest Hollow of liability (see Beier v Giglio, 230 AD3d at 734; Reilly v Patchogue Props., Inc., 203 AD3d 765; Dumbadze v Schwatt, 291 AD2d at 529).
Accordingly, the Supreme Court properly denied that branch of Crest Hollow's cross-motion which was for summary judgment dismissing the first amended complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court